UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

                          Case No. 2:23-cr-175

v.

                          Judge Michael H. Watson

Maurice L Whyte, II,

       Defendant.

## OPINION AND ORDER

Da Shawn Lee Martin ("Defendant") moves to dismiss the indictment on Second Amendment grounds, ECF No. 38, and the Government has not yet responded.[1] For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

Defendant is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See generally* Indictment, ECF No. 7. Defendant has at least one qualifying conviction: in 2016 Defendant pleaded guilty to conspiracy to transport stolen goods, a felony, in the United States District Court for the Northern District of West Virginia. *See* Complaint, ECF No. 1. Defendant also admits she has a felony theft conviction from 2011 and "[v]arious other theft-related" felony convictions thereafter.

---

[1] The Court finds ruling on Defendant's motion to dismiss the indictment prior to the Government's deadline to respond, which is December 6, 2023, will not prejudice the Government.

## II. STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 12(b)(1), a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Defendant raises a defect in the indictment under Rule 12(b)(3)(B), alleging that the crime charged is unconstitutional. On a motion to dismiss the indictment, the court must "take the government's allegations as true." *United States v. Palma*, 58 F.4th 246, 250 (6th Cir. 2023).

## III. LAW AND ANALYSIS

Defendant challenges 18 U.S.C. § 922(g)(1), the federal felon-in-possession-of-a-firearm statute, on the grounds that it violates her Second Amendment rights, as defined in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See generally*, Mot., ECF No. 20.

Defendant's challenge to § 922(g)(1) was fully addressed by this Court's recent Opinion and Order in *United States v. Mackey*, Case No. 2:23-cr-67, 2023 WL 8093071 (S.D. Ohio Nov. 21, 2023). In that Opinion, this Court held that it remains bound by Sixth Circuit precedent holding that § 922(g)(1) is constitutional. *Id.* at *1–2 (citing *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010)). The Court alternatively held that § 922(g)(1) remains constitutional post-*Bruen* because there is a historical tradition of legislatures categorically disarming groups deemed to be dangerous or untrustworthy. *Id.* at *2–4. Defendant's facial challenge to the Statute is unavailing.

Defendant argues the Statute is unconstitutional as applied because Defendant's prior convictions are non-violent and do not show she is particularly dangerous. *See* Mot. 18–20, ECF No. 38. Defendant cites to the Third Circuit's opinion in *Range v. Attorney General*, holding § 922(g)(1) unconstitutional as applied to Range. 69 F.4th 96 (3d Cir. 2023) (*en banc*).

This Court foreclosed that argument in *Mackey*, rejecting *Range* and adopting the Eight Circuit's view that "history demonstrates that there is no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons." 2023 WL 8093071, at *4 (quoting *United States v. Jackson*, 69 F.4th 495, 504 (8th Cir. 2023). In other words, there is no need to do a felony-by-felony analysis. Accordingly, Defendant's *Range* arguments fail as well.

I. **CONCLUSION**

For these reasons, Defendant's motion is **DENIED.** Pursuant to the Court's prior Order, ECF No. 40, the Court will set Defendant's *Lafler* hearing, final pre-trial conference, and trial date when it rules on the last of Defendant's pending motions.

The Clerk shall terminate ECF No. 38.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**