UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.                                    Case No. 2:23-cr-175

Maurice Whyte, II.,                   Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Maurice Whyte ("Defendant") moves to dismiss the indictment on the grounds of preindictment delay, ECF No. 39, and the Government responded, opposing the motion ECF No. 44. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The Government filed a complaint against Defendant on October 5, 2020, ECF No. 1, and an arrest warrant was issued the same day, ECF No. 2. Defendant was indicted on one count of being a felon in possession of a firearm on August 24, 2023, for conduct that occurred on January 13, 2020. *See generally* Indictment, ECF No. 7. Over forty-three months lapsed between the alleged illegal conduct and the filing of the indictment.

Defendant now challenges the preindictment delay as violating her rights under the Due Process Clause of the Fifth Amendment.

## II.  LAW AND ANALYSIS

Whereas the Sixth Amendment right to a speedy trial protects against delay between arrest or indictment and trial, the Due Process Clause of the Fifth Amendment provides some protection against preindictment delay. *See generally United States v. Marion*, 92 S. Ct. 455 (1971). "Statutes of limitations . . . provide the primary guarantee, against the bringing of overly stale criminal charges[,]" but the Due Process Clause of the Fifth Amendment also plays a "limited role in protecting against oppressive [preindictment] delay."[1] *United States v. Locasco*, 97 S. Ct. 2044, 2048 (1977).

In deciding whether a preindictment delay violates the Due Process Clause, the Court "must consider the reasons for the delay as well as the prejudice to the accused." *Id.* at 2049. Defendant must show the preindictment delay: (1) "caused substantial prejudice to [Defendant's] right[] to a fair trial" and (2) "was an intentional device to gain tactical advantage over the accused." *Marion*, 92 S. Ct. at 465.

Here, the over forty-three-month preindictment delay does not violate Defendant's Due Process rights because Defendant fails to meet the first prong of this test.

---

[1] Defendant does not challenge the delay under the statute of limitations, nor could she, as 18 U.S.C. § 3282 provides that for all non-capital offenses, a person must be "prosecuted, tried, or punished" "within five years next after such offense shall have been committed." Defendant likewise does not challenge the delay as violating her Sixth Amendment right to a speedy trial.

### A. Substantial Prejudice

The first prong of the Due Process inquiry requires Defendant to show that the delay between the commission of the crime and the filing of the indictment substantially prejudiced Defendant's right to a fair trial. The prejudice must be "'*actual* prejudice in presenting [her] defense.'" *United States v. Schaffer*, 586 F.3d 414, 425 (6th Cir. 2009) (quoting *United Stated v. Gouveia*, 104 S. Ct. 2292, 2299 (1984)) (emphasis added by the *Schaffer* court).

Defendant argues that the delay between the alleged conduct and the indictment substantially prejudiced her in that she will be unable to seek a sentence in this case to run concurrent with her sentence in *United States v. Maurice Whyte*, 1:23-CR-59 (E.D.N.Y July 31, 2023). *See generally* Mot., ECF No. 39.

First, "the preindictment delay must prejudice one's right to a fair *trial* – by, for example, causing evidence to be become stale or disappear." *United States v. Wade*, 93 F. App'x 874, 876–77 (6th Cir. 2004) (emphasis in original). The fact that Defendant could possibly receive a longer *sentence*, has no bearing on the fairness of her upcoming *trial*. Further, Defendant's theory that, had she been indicted sooner, she would have received a concurrent sentence is mere speculation. Accordingly, the fact that Defendant is now unable to request a concurrent sentence, which the Court may or may not have granted, is not substantial prejudice.

Further, the Sixth Circuit has found that the inability to seek concurrent sentences is not "substantial prejudice," with respect to the Sixth Amendment right to a speedy trial. *See e.g., United States v. White*, 985 F.2d 271, 276 (6th Cir. 1993). In reaching that conclusion, the Sixth Circuit reasoned that "[t]he most important factor under prejudice is possible impairment of the defense." *Id.* Although the Sixth Amendment right to a speedy trial protects against delay *after* there has been an indictment or arrest, the same reasoning applies in the preindictment delay context, which also requires a showing of prejudice to the right to a fair trial.

Finally, to the extent Defendant argues that she is prejudiced by the fact that "all of the evidence," including the firearm, was returned to its rightful owner in 2021, this argument likewise fails. *See* Mot. 3, ECF No. 39. Defendant does not explain how an indictment at the time the firearm (or other physical evidence) was still in the Government's possession would benefit her defense. "Such a general assertion does not establish actual prejudice." *United States v. McDougle*, 82 F. App'x 153, 159 (6th Cir. 2003) (finding death of witness insufficient when Defendant did not explain what the deceased witness would have said).

In sum, Defendant fails to meet the first prong of the Due Process test; that is, she fails to show that the preindictment delay substantially prejudiced her right to a fair trial.


### B. Intentional Delay

While Defendant's failure to satisfy the first prong is dispositive, the Court will nonetheless briefly address the second prong.

"A due process claim of excessive preindictment delay will fail unless the [defendant] can show that the government had no valid reason for the delay or that some tactical advantage was sought to be obtained by the delay." *United States v. Wade*, 93 F. App'x 874, 877 (6th Cir. 2004) (cleaned up).

Defendant argues that the Government intentionally waited until Defendant was being released from custody on other related charges to seek an indictment in this case, thereby preventing Defendant from seeking concurrent sentences. Mot. 2, ECF No. 39. Defendant notes that she was sentenced in the other case to time served for a violation of supervised release, based in part on the conduct that is the subject of this indictment (being a felon in possession of a firearm on January 12, 2020). *Id.* Defendant also notes that she was in federal custody and, thus, was available for appearance by writ during the time the arrest warrant was active. *Id.* at 3. To the extent the Government offers a reason for the delay, it seems to be that Defendant was not arrested on the warrant, issued in October 2020, until August 2023. *See* Resp. 5, ECF No. 44.

Defendant's allegations are insufficient to show that the Government intentionally delayed obtaining the indictment in order to gain a tactical advantage. However, the Court makes no finding as to whether Government has offered a valid reason for the delay.

Regardless, because Defendant has failed to show substantial prejudice, dismissal of the indictment is not warranted.

### III.  CONCLUSION

For the above reasons, Defendant's motion is **DENIED**.  The Clerk shall terminate ECF No. 39.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**